PEOPLE v SPRUELL

OPINION OF THE COURT

1. APPEAL AND ERROR—CRIMINAL LAW—FINDINGS OF FACT—COURT RULES.

A trial court's findings of fact in a criminal case will not be overturned where they are supported by the record and are not clearly erroneous (GCR 1963, 517).

2. WITNESSES—CRIMINAL LAW—EVIDENCE—AGREEMENT NOT TO PROSECUTE.

Admission of testimony against a defendant of a prosecution witness who agreed to cooperate with the police by giving them information about other cases in exchange for their not prosecuting him was proper where the jury was fully apprised of the exchange.

DISSENT BY D. E. HOLBROOK, JR., J.

3. CRIMINAL LAW—WITNESSES—PROSECUTORS—PROMISES TO WITNESS —DUTY TO DISCLOSE.

*The prosecutor has a duty to disclose any prosecutorial promises made to a key prosecution witness against a defendant if those promises are such that the witness's motive for testifying would be affected.*

4. WITNESSES—CRIMINAL LAW—PROMISES TO WITNESSES—PROSECUTORS—DUTY TO DISCLOSE.

*The decision to bring to the attention of the jury plea-bargain agreements with a witness is a matter of defense counsel strategy and the disclosure of such a plea-bargain agreement to the jury is not required of the prosecution where the prosecution has disclosed the matter to the defendant and his attorney and has not allowed falsehoods to go uncorrected.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 841.
[2] 29 Am Jur 2d, Evidence §§ 563, 564.
[3, 4] 29 Am Jur 2d, Evidence § 558 *et seq.*

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 January 6, 1975, at Grand Rapids. (Docket No. 19153.) Decided June 9, 1975.

Murrell Spruell was convicted of receiving or concealing stolen property valued at over $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *John Jeffrey Long,* Assistant Prosecuting Attorney, for the people.

*Globensky, Bleich & Peterson,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

J. H. GILLIS, J. Defendant was convicted by a jury of receiving or concealing stolen property valued at over $100, MCLA 750.535; MSA 28.803. He was sentenced to a term of 3 to 5 years in prison and appeals as of right. Several issues are raised here, but only one merits discussion.

Following conviction, defendant filed a motion for a new trial. He contended that one Larry Howarth, a key prosecution witness, had testified falsely regarding a deal or bargain made with law enforcement officers and the prosecutor. Specifically, defendant alleged that the prosecutor agreed not to press charges against Howarth in approximately a dozen pending cases in exchange for Howarth's aid in "cleaning up these cases" and for his testimony against defendant. Under *Giglio v United States,* 405 US 150; 92 S Ct 763; 31 L Ed 2d 104 (1972), defendant claims it was error for the prosecutor to suppress any evidence of this bargain made with Howarth.

At the hearing on the motion for a new trial, the judge took extensive testimony in order to ascertain the terms of the agreement. He found that Howarth had agreed to "cooperate" by giving the police needed information on other cases. In turn, the police would not prosecute him. The trial judge further found that the bargain did not require Howarth to testify against defendant. Since these findings of the trial court are supported by the record and are not "clearly erroneous", we are bound by them. GCR 1963, 517.

The trial transcript reveals that the jury in defendant's case was fully apprised of the fact that Howarth was not being prosecuted in exchange for his cooperation. This being the case, there was no error under *Giglio, supra.*

Affirmed.

V. J. BRENNAN, P. J., concurred.

D. E. HOLBROOK, Jr., J. *(dissenting).* I find myself unable to agree with my learned brothers. They, in my opinion, overlook the crux of the issue in this case. The majority opinion, in part, states as follows:

"The trial judge further found that the bargain did not require Howarth to testify against defendant. Since these findings of the trial court are supported by the record and are not 'clearly erroneous', we are bound by them."

While I agree that if the findings of fact by a trial court are supported by the evidence and are not clearly erroneous we are bound thereby, this is only true if the trial court applied the proper legal test.

The trial court's denial of defendant's motion for

a new trial was based upon the grounds that *Giglio v United States,* 405 US 150; 92 S Ct 763; 31 L Ed 2d 104 (1972), hereinafter referred to as *Giglio,* was strictly confined to the question of a deal being made for the testimony itself and that such a deal was not in fact made in this case. The appellant herein, in addition to his other claims, contends that the United States Supreme Court case of *Giglio* makes it the obligation of the prosecuting attorney to put into evidence in his case in chief any deal, promises, or bargains made with the witness called by the people to testify against the defendant. While it is admitted that the *Giglio* court addressed itself to a fact situation in which the testimony of the witness was the quid pro quo for the promises of leniency by the prosecutor, appellant contends that the legal principles enunciated therein should not be narrowly construed as applying solely to such fact situations. I agree.

Hence the real issue before this Court, in my opinion, is under what circumstances must promises of leniency, made by a prosecutor to a key government witness, be disclosed.

Long before *Giglio,* the United States Supreme Court, in *Napue v Illinois,* 360 US 264, 269; 79 S Ct 1173; 3 L Ed 2d 1217 (1959), said:

> "The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend."

There is little question but what Howarth's testimony may well have been determinative of guilt or innocence in Spruell's trial. Without it the element of "knowledge" that the property was stolen would have been most difficult if not impos-

sible to prove. Howarth was in fact a key prosecution witness.

A thorough reading of *Giglio* leads this writer to believe that the court therein adopted a philosophy that when the reliability of a given witness may well be determinative of guilt or innocence, the prosecution's nondisclosure of evidence affecting credibility justifies a new trial.

While in *Giglio* promises of leniency were made specifically in return for the witness' testimony, I believe that if the principles enunciated in *Napue, supra,* and *Giglio* are to have any meaningful effect then *Giglio* must not be limited solely to those situations where the witness' testimony is the quid pro quo for the prosecution's promise of leniency.

The substance of what the *Giglio* court meant can be found in *United States v Cawley,* 481 F2d 702, 707 (CA 5, 1973). In interpreting *Giglio* the court therein stated:

"We read *Giglio* * * * to mean * * * that the jury must be apprised of *any promise which induces* a key government witness to testify on the government's behalf." (Emphasis supplied.)

Hence, *Giglio* should be interpreted to mean that if prosecutorial promises made to a key prosecution witness are such that the witness' motive for testifying would be affected, the prosecution has a duty to disclose. See *Corpus v Beto,* 469 F2d 953 (CA 5, 1972).

The critical inquiry before the trial court in defendant's motion for new trial was not whether the witness agreed to testify specifically in return for the governmental promise but whether the

promise was such that the witness' motive for testifying would have been affected. While the trial court may well be correct in its determination that there was no deal made specifically for testimony, it was incorrect in its application of *Giglio.*

The last paragraph of the majority opinion states that the trial transcript reveals that the jury in defendant's case was fully apprised of the fact that Howarth was not being prosecuted in exchange for his cooperation. I disagree with this interpretation and cannot so find. While there was evidence that defendant was being prosecuted for but one of a dozen offenses there was no evidence that this was in exchange for his cooperation or the extent thereof. Furthermore, this testimony was elicited by defendant's counsel on cross-examination and not by the prosecutor in his case in chief.

In the transcript of the hearing on the motion for new trial there is some indication that counsel for the defendant might have known of the bargain in this case. The transcript, however, is not entirely clear on this point. This Court has held that the decision to bring to the attention of the jury plea bargain agreements with a witness is a matter of defense counsel strategy and the disclosure of such fact to the jury is not required of the prosecution where the prosecution has disclosed the matter to the defendant and his attorney and has not allowed falsehoods to go uncorrected. *People v Thomas,* 49 Mich App 682; 212 NW2d 728 (1973). The foregoing are questions of fact, however, for the trial judge to determine.

I would remand for an evidentiary hearing consistent herewith.